# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 07cv01326 |
| | ) | 02: 04cr00155 |
| ALBERT J. VESHIO, JR., | ) | |
| | ) | |
| Movant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 *(Document No. 29)* filed by Albert J. Veshio, Jr. ("Veshio") pro se*.* The government filed a response in opposition *(Document No. 32)* and Veshio filed a reply to the government's response *(Document No. 33)*.

## Background

On June 22, 2004, Veshio was indicted by a Grand Jury and charged with one count of Bank Robbery in violation of 18 U.S.C. § 2113(a). On October 20, 2004, Veshio entered a plea of guilty to the Indictment before the Honorable Thomas M. Hardiman.

On December 8, 2004, the Probation Office issued its Presentence Investigation Report ("PSI"). The Adjusted Offense Level for Bank Robbery was 22. However, the PSI applied the U.S.S.G. Chapter Four Enhancements applicable to career offenders because the Probation Office concluded that Veshio had three qualifying prior convictions. As set forth in ¶ 32, Veshio had been convicted of possession and delivery of heroin, a controlled substance offense. As set forth in ¶¶ 42 and 45 of the PSI, Veshio pled guilty on two separate occasions to the crime of Recklessly Endangering Another Person, which was considered to be a "crime of

violence" as defined in USSG § 4B1.2.  Accordingly, the Adjusted Offense Level became 32, which was decreased by three-levels for acceptance of responsibility, resulting in a Total Offense Level of 29.  Veshio had 29 Criminal History points, and therefore he would have been in Criminal History category VI regardless of whether the Chapter Four Enhancements applied.  Veshio's advisory guideline range was 151-188 months of imprisonment.

Counsel for Veshio objected to the PSI on the ground that Veshio's prior convictions for Recklessly Endangering Another Person were not felonies and were not "crimes of violence" and, thus, did not qualify as predicates for the Chapter Four Enhancements.  On January 26, 2005, Judge Hardiman rejected these arguments and sentenced Veshio to a term of imprisonment of 170 months.  During the sentencing colloquy, Veshio explained that the reckless endangerment offenses were misleading because he was not a violent person and had never intentionally caused bodily harm to another person.  Transcript at 9.  Judge Hardiman, in response, recited the applicable provisions in the Sentencing Guidelines and Pennsylvania law, and the facts surrounding Veshio's convictions, and concluded that the reckless endangerment convictions qualified as "crimes of violence."  Transcript at 12-14.

On February 8, 2005, Veshio filed a Notice of Appeal to the Court of Appeals for the Third Circuit.  On appeal, Veshio argued that Judge Hardiman had unreasonably sentenced him as a career offender; that his drug addiction was a mitigating factor; that his criminal history was overstated; and that his sentence violated the ex post facto clause of the United States Constitution.  The Court of Appeals affirmed the sentence.  The United States Supreme Court denied Veshio's petition for certiorari on October 5, 2006.

2

On October 1, 2007, Veshio timely filed the instant Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, which was assigned to this member of the Court. Veshio argues the following: (1) that the Court should consider a downward departure from his 170-month sentence; (2) that the Chapter Four Enhancements over-represent the seriousness of the reckless endangerment convictions on which the increase was based; (3) that counsel was ineffective at sentencing; and (4) that the 10-level enhancement in Offense Level based on reckless endangerment during flight was fundamentally unfair. The matter is ripe for disposition.

**Discussion**

As an initial matter, it is not appropriate for this Court to consider a post-sentencing request for a downward departure in the context of a § 2255 motion. Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In again seeking a downward departure, Veshio does not allege a fundamental defect in the process, but merely seeks another "bite at the apple" of a discretionary decision made by the sentencing judge. Moreover, Veshio's request for a downward departure was fully considered by Judge Hardiman and by the Court of Appeals. "Issues resolved by a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Murchu v. United States*, 926 F.2d 50, 55 (1st Cir. 1991).

3

The other three arguments advanced by Veshio are inter-related and will be addressed collectively. He contends, in essence, that counsel was ineffective in failing to avoid the application of the Chapter Four Enhancements based on his prior convictions for Recklessly Endangering Another Person, such that the resulting 170 month sentence was fundamentally unfair. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court explained that petitioners alleging ineffective assistance of counsel must establish both that counsel's performance was deficient and that there was actual prejudice. Although the Court does not consider the performance of counsel to have been deficient, if it were to assume such, arguendo, Veshio has suffered no actual prejudice.

The definition of a "crime of violence" is set forth in USSG § 4B1.2. There are two prongs: (1) the offense must be punishable by imprisonment for a term exceeding one year; and (2) the offense must have as an element the use, attempted use, or threatened use of physical force against the person of another or, as relevant to Veshio, "otherwise involves conduct that presents a serious potential risk of physical injury to another."

Pennsylvania law defines "Recklessly Endangering Another Person" as follows: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. The punishment for a "misdemeanor of the second degree" is imprisonment for not more than two years. 18 Pa.C.S.A. § 1104. Thus, the convictions of Recklessly Endangering Another Person as described in the PSI are punishable by imprisonment for a term exceeding one year. The second prong of the definition is also met because the Pennsylvania statutory language closely tracks the definition set forth in the Sentencing Guidelines. In *United States v.*

4

*Manigault*, 228 Fed. Appx. 183 (3d Cir. 2007) (non-precedential), the Court of Appeals categorically concluded that a conviction for Recklessly Endangering Another Person pursuant to 18 Pa.C.S.A. § 2705 was a "crime of violence" for the purpose of the career criminal sentencing enhancement in U.S.S.G. § 4B1.2.  Moreover, as a factual matter, both of the offenses at issue involved the dangerous operation of a motor vehicle in which Veshio presented a serious potential risk of physical injury to the pursuing officers, other drivers and bystanders. In summary, the Chapter Four Enhancements were properly applied in determining the applicable advisory guidelines range.   The seriousness of the reckless endangerment convictions was not overstated, counsel at sentencing was not ineffective, and the resulting sentence of Veshio was not fundamentally unfair.[1]  The Court notes that while Veshio's sentence is lengthy, it is well below the statutory maximum sentence of 240 months for Bank Robbery, the crime to which he pled guilty.[2]

**Conclusion**

For all the above reasons, the Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 will be denied.  The motion, files and records of the case conclusively establish that Veshio is not entitled to relief, such that a hearing is not necessary. 28 U.S.C. § 2255(b).

---

[1] The Court need not reach the government's contention that there are three additional offenses described in the PSI that would also qualify as predicates for the Chapter Four Enhancements.   *See* PSI ¶¶ 38 (fleeing and eluding), 41 (escape) and 46 (escape).

[2] The Court understands and appreciates Veshio's argument that apparent "minor" convictions in state court may have an unexpected impact on the federal sentencing process. However, those consequences do not rise to the level of "fundamental unfairness."

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c). A certificate of appealability is issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Veshio has failed to make any such showing.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 07cv01326 |
| | ) | 02: 04cr00155 |
| ALBERT J. VESHIO, JR., | ) | |
| | ) | |
| Movant. | ) | |

## ORDER OF COURT

AND NOW, this 20th day of February, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 filed by Albert J. Veshio, Jr., is **DENIED.**

Further, it is **ORDERED** that no certificate of appealability will be issued because the applicant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: James Love, AUSA

Albert J. Veshio, Jr.
Reg. #08200-068
United States Penitentiary
P.O. Box 3000
Pine Knot, KY 42635